1

2

3

4

5 **_*E-FILED - 12/15/08*_**

6

7

8

9 IN THE UNITED STATES DISTRICT COURT

10 FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

| | | |
|---|---|---|
| JAMES D. SMITH, | ) | C 08-5298 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER OF DISMISSAL |
| | ) | |
| vs. | ) | |
| | ) | |
| GREGORY AHERN, | ) | (Docket No. 2) |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

17

18    Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to

19 28 U.S.C. § 2254.  Petitioner's application to proceed in forma pauperis (docket no. 2) is

20 GRANTED.  The court will dismiss the instant petition without prejudice because petitioner's

21 underlying state court proceedings are still pending.

22                                **BACKGROUND**

23    According to the petition, petitioner is currently awaiting trial before Alameda County

24 Superior Court.  Petitioner challenges the denial of California's Williamson/Gilbert[1] rule as a

25 _____

26    [1] In re Williamson, 43 Cal. 2d 651 (1954) ("It is the general rule that where the general
27 statute standing alone would include the same matter as the special act, and thus conflict with it,
the special act will be considered as an exception to the general statute whether it was passed
28 before or after such general enactment."), and People v. Gilbert, 1 Cal. 3d 475 (1969) (applying
same).

1   violation of due process and equal protection and claims to have already filed state habeas

2   petitions in both California Court of Appeal and California Supreme Court, alleging the same.

3   After receiving denials of his state habeas petitions, he filed the underlying petition.

4                                   **DISCUSSION**

5   **A.     Standard of Review**

6          This court may entertain a petition for writ of habeas corpus "in behalf of a person in

7   custody pursuant to the judgment of a state court only on the ground that he is in custody in

8   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); <u>Rose</u>

9   <u>v. Hodges</u>, 423 U.S. 19, 21 (1975).

10         A district court shall "award the writ or issue an order directing the respondent to show

11  cause why the writ should not be granted, unless it appears from the application that the

12  applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

13  **B.     Status of State Proceedings**

14         At the time he filed his petition, petitioner alleged that he was being detained in Alameda

15  County Superior Court and that he was awaiting trial.

16         If petitioner is not currently confined pursuant to a final decision, or "judgment," of the

17  superior court, his petition must be construed as arising under 28 U.S.C. § 2241(c)(3), which

18  provides habeas jurisdiction over any person held in custody in violation of the Constitution or

19  laws or treaties of the United States, rather than § 2254, which applies to persons held pursuant

20  to a state court judgment.  Although § 2241(c)(3) does not require exhaustion of state judicial

21  remedies, principles of federalism and comity require that this court abstain and not entertain a

22  pre-sentence habeas challenge unless the petitioner shows that: (1) he has exhausted available

23  state judicial remedies, and (2) "special circumstances" warrant federal intervention.  <u>See</u>

24  <u>Younger v. Harris</u>, 401 U.S. 37, 43-54 (1971); <u>Carden</u>, 626 F.2d at 83-84, 83 n.4; <u>Drury v. Cox</u>,

25  457 F.2d 764, 764-65 (9th Cir. 1972) ( "Our reading of <u>Younger v. Harris</u> convinces us that only

26  in the most unusual circumstances is a defendant entitled to have federal interposition by way of

27  injunction or habeas corpus until after the jury comes in, judgment has been appealed from and

28  the case concluded in state courts.  Apparent finality of one issue is not enough.") (citation

1   omitted).

2          Only in cases of proven harassment or prosecutions undertaken by state officials in bad

3   faith without hope of obtaining a valid conviction, and perhaps in other extraordinary

4   circumstances where irreparable injury can be shown, is preconviction federal intervention

5   against pending state prosecutions appropriate.[2]  Carden, 626 F.2d at 84 (citing Perez v.

6   Ledesma, 401 U.S. 82, 85 (1971)).

7          Accordingly, because the court must abstain from ruling on the petition until the

8   petitioner's state proceedings are completed, the instant petition will be DISMISSED without

9   prejudice.  See Carden, 626 F.2d at 84.

**CONCLUSION**

11          The petition for a writ of habeas corpus is DISMISSED without prejudice.  The clerk

12   shall terminate all pending motions and close the file.

13          IT IS SO ORDERED.

14   DATED: __12/12/08_____

15                                                        RONALD M. WHYTE
                                                          United States District Judge

---

26          [2] Unlike the Double Jeopardy Clause, the Speedy Trial Clause, when raised as an
27   affirmative defense, does not embody a right which is necessarily forfeited by delaying review
     until after trial.  Carden, 626 F.2d at 84.